IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.                                    Criminal No. 3:15CR85

CHLOE TYLER

## MEMORANDUM OPINION

Chloe Tyler, a federal inmate proceeding <u>pro</u> <u>se</u>, submitted this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 43.) Tyler contends that she is entitled relief because she was denied the effective assistance of counsel. Specifically, Tyler claims:[1]

| | |
|---|---|
| Claim One | Counsel "failed to object to 70-month enhancement for gun during sentencing." (§ 2255 Mot. 4.) |
| Claim Two | Counsel "failed to object to the fact that defendant only received 1 out of 3 available points for acceptance of responsibility." (<u>Id.</u> at 5.) |
| Claim Three | Counsel "failed to object to the gun enhancement when the gun was in an open area and there was evidence of men's clothing and mail." (<u>Id.</u> at 6.) |
| Claim Four | Counsel "should have objected to the defendant's criminal history category where the charge she was given 2 additional points for had been dismissed." (<u>Id.</u> at 8.) |

For the reasons set forth below, the § 2255 Motion will be denied.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system for the parties' submissions. The Court correct the capitalization, punctuation, and spelling in the quotations from the parties' submissions. The Court omits the emphasis in the quotations from Tyler's submissions.

## I. FACTUAL AND PROCEDURAL HISTORY

The grand jury charged Tyler with possession of heroin with intent to distribute (Count One) and possession of firearms by a convicted felon (Count Two). (ECF No. 1, at 1.) On November 10, 2015, pursuant to a plea agreement, Tyler pled guilty to Counts One and Two. (ECF No. 22, at 1.) In conjunction with the Plea Agreement, Tyler signed a Statement of Facts wherein she acknowledged that:

> The parties stipulate that the allegations in Counts One and Two of the pending Criminal Indictment and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt.
> 1. On or about July 1, 2014, in the Eastern District of Virginia, and within the jurisdiction of this Court, CHLOE TYLER possessed heroin, a Schedule I controlled substance, with the intent to distribute.
> 2. On or about July 1, 2014, in the Eastern District of Virginia, CHLOE TYLER, did knowingly and unlawfully possess firearms, to wit: Smith & Wesson model SW40VE, .40 caliber semiautomatic pistol, serial number DSE7275; and Jimenez Arms model J.A. Nine, 9mm caliber semiautomatic pistol, serial number 239517, in and affecting interstate and foreign commerce, after being convicted by a court of a crime punishable by imprisonment for a term exceeding one year.
> 3. On or about July 1, 2014, a Richmond, Virginia Police Officer stopped CHLOE TYLER for a traffic infraction, and during the course of the traffic stop, recovered a paper bag with individually wrapped foil pouches of heroin. Police also recovered other illegal substances in CHLOE TYLER's vehicle and home. After CHLOE TYLER was advised of her Constitutional rights pursuant to <u>Miranda</u>, she admitted that she intended to sell the foil pouches of heroin.
> 4. On or about July 1, 2014, CHLOE TYLER gave Richmond Police consent to search her home where they recovered a Smith & Wesson model SW40VE, .40 caliber semiautomatic pistol, serial number DSE7275 and a

Jimenez Arms model J.A. Nine, 9mm caliber semiautomatic
        pistol, serial number 239517.
        5.    The firearms were manufactured outside the
        Commonwealth of Virginia, and therefore, were
        transported in and affected interstate and foreign
        commerce prior to July 1, 2014.
        6.    On April 21, 2005, CHLOE TYLER was found
        guilty in Richmond Circuit Court of possessing cocaine,
        in violation of Virginia Code Section 18.2-250, and
        sentenced to three years' imprisonment with all three
        years suspended.
        7.    The acts taken by the defendant, CHLOE TYLER,
        in furtherance of the offenses charged in this case,
        including the acts described above, were done willfully
        and knowingly with the specific intent to violate the
        law.  The defendant acknowledges that the foregoing
        statement of facts does not describe all of the
        defendant's conduct relating to the offenses charged in
        this case nor does it identify all of the persons with
        whom the defendant may have engaged in illegal
        activities.

(ECF No. 21, at 1-2.)  The Court sentenced Tyler to 100 months of

imprisonment for Counts One and Two.  (ECF No. 34, at 2.)

## II.    ALLEGED INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a convicted

defendant must show first, that counsel's representation was

deficient and second, that the deficient performance prejudiced

the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).

To satisfy the deficient performance prong of Strickland, the

convicted defendant must overcome the "'strong presumption' that

counsel's strategy and tactics fall 'within the wide range of

reasonable professional assistance.'"  Burch v. Corcoran, 273 F.3d

577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689).

The prejudice component requires a defendant to "show that there

3

is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

In the Presentence Report ("PSR"), the Probation Office concluded that Tyler's base offense for Possession of Firearm by a Convicted Felon was 20. (PSR ¶ 17, ECF No. 28.) Tyler received a two-level increase to her offense level because her offense involved 3 firearms (id. ¶ 18), and an additional four-level increase because one of the firearms had an obliterated serial number, (id. ¶ 19). Additionally, Tyler received a four-level increase because she possessed the firearm in conjunction with the offense of possession of heroin with intent to distribute (id. ¶ 20), resulting in an Adjusted Offense Level of 30 (id. ¶24.) Finally, Tyler received a 3-level reduction for timely acceptance of responsibility (id. ¶¶ 26-27), resulting in a Total Offense Level of 27 (id. ¶ 28). Tyler was a Criminal History Category IV, resulting in an advisory guideline range of 100 to 125 months. (Id. ¶ 70.)[2]

---

[2] In the absence of the six-level increase for the third firearm with the obliterated serial number, Tyler's guideline range would have been 57-71 months.

4

Tyler's defense counsel objected to the six-level increase to Tyler's offense level for possession of the .22 caliber revolver with the obliterated serial number. Counsel disputed that the Government had demonstrated that Tyler possessed the weapon. At sentencing, the Government presented evidence that demonstrated that Tyler admitted that she was the only person that lived in the apartment where all three firearms were found. (Feb. 18, 2016 Tr. 7.) Tyler admitted to police that everything in the apartment, including the multiple firearms found there, belonged to her. (Feb. 18, 2016 Tr. 7-10.)

The police found a 9 mm handgun underneath the mattress in Tyler's bedroom. (Feb. 18, 2016 Tr. 13.) The Smith & Wesson .40 caliber handgun and .22 caliber revolver were recovered from the top of a bookshelf in Tyler's living room. (Feb. 18, 2016 Tr. 13.) Although Tyler did not specifically admit to possessing the .22 caliber revolver, she acknowledged in her Statement of Facts that she possessed the .40 caliber Smith & Wesson that was found next to the .22 caliber revolver. (ECF No. 21, at 1.) Given all the evidence, the Court found that Tyler possessed the .22 caliber revolver and thus the PSR properly assigned the enhancements attributable to that firearm. (Feb. 18, 2016 Tr. 13.)

In Claim One, Tyler faults counsel for "fail[ing] to object to 70-month enhancement for gun during sentencing." (§ 2255 Mot.

5

4.)³ In Claim Three, Tyler contends that counsel should have objected to attributing the .22 caliber revolver to Tyler because the police report indicated that men's clothing and mail belonging to other individuals was found in the apartment. (Id. at 6.) As reflected above, counsel did object to the conclusion that Tyler should be held responsible for the .22 caliber revolver. Thus, Claim One lacks factual merit.

Tyler has not produced a copy of the police report to support the assertions made in Claim Three. Moreover, the testimony of Officer Brady McWhirter, who conducted the search of Tyler's apartment, contradicted these assertions. McWhirter testified "There did not appear to be other items present [in the apartment] other than Ms. Tyler's." (Feb. 18, 2016 Tr. 12.) McWhirter further specified: "There was no . . . male clothing in the apartment. . . . There did not appear to be other clothing throughout the apartment that belonged to other people or documents or anything else like that." (Feb. 18, 2016 Tr. 13.) Given this evidence, Tyler fails to demonstrate deficiency or prejudice. Accordingly, Claim One and Three will be dismissed.

In Claim Two, Tyler complains that counsel "failed to object to the fact that defendant only received 1 out [of] 3 available points for acceptance of responsibility." (§ 2255 Mot. 5.)

---

³ The Courts assumes that Tyler is referring to the .22 caliber revolver with the obliterated serial number that was found in her residence.

Because Tyler did receive all three available points for acceptance of responsibility, counsel reasonably refrained from making this frivolous objection. Tyler demonstrates neither deficiency nor prejudice. Claim Two will be dismissed.

Finally, in Claim Four, Tyler asserts that counsel "should have objected to the defendant's criminal history category where the charge she was given 2 additional points for had been dismissed." (Id. at 8.) Tyler, however, fails to identify which charge or conviction allegedly had been dismissed. Tyler received 2 criminal history points for: the 2005 offenses of accessory after the fact to possession of a controlled substance and possession of marijuana; and for the 2014 offenses of possession of cocaine with intent to distribute, possession of heroin with intent to distribute, and driving under the influence. (PSR ¶¶ 32, 39.) Tyler has failed to demonstrate that any of these convictions were dismissed or otherwise invalidated. See Sanders v. United States, 373 U.S. 1, 19 (1963) (finding denial of § 2255 motion appropriate where it "stated only bald legal conclusions with no supporting factual allegations"). Therefore, Claim Four will be dismissed.

## III. CONCLUSION

For the foregoing reasons, Tyler's claims will be dismissed. The § 2255 Motion (ECF No. 43) will be denied. The action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Tyler and counsel of record.

/s/ REV
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: November 26, 2019